**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 23, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1201**

**STATE OF WISCONSIN**

Cir. Ct. No. **2024CV11**

**IN COURT OF APPEALS**
**DISTRICT IV**

BUDDY J. SAVICH AND JANEL M. SAVICH,

    PLAINTIFFS-APPELLANTS,

 V.

CHRIS A. MCNICOL, ROBIN S. MCNICOL,
MICHAEL E. BIENIEK, AND
TILLMAN INFRASTRUCTURE, LLC,

    DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Affirmed.*

Before Graham, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   This appeal marks the third time that we have been asked to address issues relating to the construction of a cell tower by Tillman Infrastructure, LLC, on land owned by Chris and Robin McNicol.   Our two previous decisions addressed a certiorari action brought by the McNicols' neighbors, Buddy and Janel Savich, challenging the Columbia County Board of Adjustment's decision that affirmed the issuance of a permit to construct the cell tower.   *See Savich v. Columbia Cnty. Bd. of Adjustments (Savich I)*, No. 2022AP1348, unpublished slip op. (WI App May 11, 2023); *Savich v. Columbia Cnty. Bd. of Adjustments (Savich II)*, 2024 WI App 43, 413 Wis. 2d 140, 11 N.W.2d 160.   Ultimately, we concluded that the board's decision should be affirmed.   *See Savich II*, 413 Wis. 2d 140, ¶6.

¶2      While the appeal in *Savich II* was pending, the Saviches filed a pro se complaint for monetary damages against the McNicols, Tillman, and Michael Bieniek, who acted as an agent for Tillman.[1]   The Saviches asserted claims for fraud, anticipated private nuisance, civil conspiracy, and harassment.   The circuit court dismissed the Saviches' complaint on the ground of claim preclusion and denied their motion for reconsideration.

¶3      In this pro se appeal, the Saviches argue that the circuit court erred by concluding that their prior certiorari action precluded them from litigating the claims alleged in their complaint.   We agree.   Nonetheless, we affirm the court's

---

[1] Tillman Infrastructure and the McNichols are jointly represented in this appeal and filed a joint brief.   Bieniek, who is represented by different counsel, filed a separate brief. Because both sets of briefs make overlapping arguments, and because the claims against Bieniek arise in his capacity as agent for Tillman, we refer to these parties collectively as "Tillman."   We further identify additional arguments that are specific to Bieniek.

decision on the alternative ground that the Saviches have failed to state a claim on which relief can be granted.

## BACKGROUND

¶4     We take the following allegations from the Saviches' complaint, supplementing as needed with procedural facts recounted in *Savich I*[2] and *Savich II*.

¶5     Tillman submitted an application for a cell tower permit to the Columbia County Planning and Zoning Department (the department) in August 2020.  The application identified the McNicols' property as the location of the proposed cell tower.  The Saviches allege that, as part of the application, Tillman made false statements in sworn affidavits regarding "why the location" for the new tower "was chosen," and why Tillman could not instead "collocate" communications equipment on nearby existing cell towers.  They further allege that the placement of the cell tower, which is right in front of their residence, will result in a loss of the use, value, and enjoyment of their property.

¶6     The department issued a permit to build the cell tower on the McNicols' property in January 2021.  The Saviches hired an attorney to file an appeal with the board of adjustment.  The board affirmed the permit.

¶7     The Saviches filed a complaint seeking certiorari review of the board's decision, Case No. 2021CV162.  Tillman filed a motion to dismiss the

---

[2] We cite procedural facts from this unpublished opinion pursuant to WIS. STAT. RULE 809.23(3)(a) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

complaint in Case No. 2021CV162 as untimely, which the circuit court granted. Buddy Savich appealed the dismissal of the complaint in Case No. 2021CV162, and we reversed. *See Savich I*, No. 2022AP1348, ¶3.[3]

¶8      While the appeal in *Savich I* was pending, the circuit court proceeded with a certiorari review of the board's decision. *See Savich II*, 413 Wis. 2d 140, ¶¶15, 17. This certiorari review was based on a separate petition that had been filed by SBA Structures, LLC, a different entity that opposed the cell tower permit. *Id.*, ¶10. On November 30, 2022, the court issued an order reversing the board's decision on the ground that the board "acted outside of its jurisdiction[,] contrary to law." *Id.*, ¶17.

¶9      The board and other proponents of the cell tower appealed the circuit court's order. We stayed that appeal pending the outcome of *Savich I*. *See Savich II*, 314 Wis. 2d 140, ¶18. Then, after we reversed the dismissal of the complaint in *Savich I*, Buddy Savich asked the circuit court that had handled the SBA certiorari action for permission to supplement the record and for a briefing schedule. *See Savich II*, 314 Wis. 2d 140, ¶89. Instead, the court entered an order stating that "the rights and remedies" adjudicated in its November 2022 order "apply in full to all remaining parties." *See id.*, ¶¶18, 89. The board and other proponents of the cell tower appealed this order as well, and we consolidated it with the pending appeal of the SBA certiorari action. *See id.*, ¶19. Savich filed a cross-appeal, arguing that, in the event of a remand, "additional discovery should

---

[3] Janel Savich did not sign the notice of appeal of the circuit court's decision and therefore was not part of the appeal in *Savich I*.

be permitted and … the record should be expanded so that [Savich] can pursue additional grounds to reverse the [board's] permit decision." *See id.*, ¶4.

¶10     We issued our decision in *Savich II* in July 2024. We reversed the circuit court's decision and instead concluded that the board of adjustment's decision should be affirmed. *See id.*, ¶6. And we rejected Buddy Savich's cross-appeal because his arguments were unsupported. *See id.*, ¶4.

¶11     Meanwhile, while the appeal in *Savich II* was pending, the Saviches commenced the circuit court action that is the subject of this appeal.[4] The Saviches' complaint identified fraud, anticipated private nuisance, conspiracy, and harassment as the causes of action and sought monetary damages for these claims.[5]

¶12     Tillman moved to dismiss the complaint, arguing that the Saviches' claims for monetary damages are barred by claim preclusion and issue preclusion. In the alternative, Tillman argued that the Saviches' complaint fails to state a claim on which relief could be granted, that the Saviches' injuries are too speculative, and that their claim for fraud was filed untimely under the applicable statute of limitations.

---

[4] The Saviches filed their initial complaint on January 15, 2024, and then amended that complaint on June 3, 2024. The amended complaint is the operative filing, and we refer to it as "the complaint" throughout this opinion.

[5] In their opening brief on appeal, the Saviches clarify that they are asserting the claims of conspiracy and harassment against Tillman only, and not against the McNicols or Bieniek.

¶13 The circuit court concluded that claim preclusion applied and dismissed the Saviches' complaint. The Saviches filed a motion for reconsideration, which was denied. The Saviches appeal.

## DISCUSSION

¶14 We begin our analysis by considering the parties' arguments about the doctrine of claim preclusion, which was the reason the circuit court gave for dismissing the complaint.[6] Because we agree with the Saviches that their claims are not barred by that doctrine, we then consider the alternative grounds advanced by Tillman for affirming the dismissal. Specifically, Tillman argues that the dismissal can be affirmed based on issue preclusion, failure to state a claim on which relief can be granted, or as untimely due to the statute of limitations.

¶15 For the reasons that follow, we conclude that issue preclusion does not apply, but we further conclude that the Saviches have not stated a claim on which relief can be granted. Because this ground for affirming the circuit court's orders is dispositive, we do not address the parties' arguments regarding the statute of limitations. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11,

---

[6] Bieniek's brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule was amended to its current form in 2021, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for efiling. The pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. Supreme Court Note, 2021, RULE 809.19.

¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

## I. Claim Preclusion

¶16 The doctrine of claim preclusion "extends to all claims that either were or could have been asserted in the previous litigation." ***Dostal v. Strand***, 2023 WI 6, ¶24, 405 Wis. 2d 572, 984 N.W.2d 382 (emphasis omitted). "Whether claim preclusion applies under a given factual scenario is a question of law we review independently of the determination[] rendered by the circuit court." *See* ***DSG Evergreen Fam. Ltd. P'ship v. Town of Perry***, 2020 WI 23, ¶16, 390 Wis. 2d 533, 939 N.W.2d 564. Accordingly, our standard of review is de novo. ***Id.*** Tillman bears the burden of establishing that claim preclusion applies. *See* ***Pasko v. City of Milwaukee***, 2002 WI 33, ¶16, 252 Wis. 2d 1, 643 N.W.2d 72 ("The burden of proving claim preclusion is upon the party asserting its applicability.").

¶17 The Saviches argue that the doctrine does not apply here because, among other things, they were unable to litigate their claims for monetary damages as part of their prior certiorari action. They further argue that our supreme court has rejected the argument that a certiorari action would bar a subsequent action for monetary damages. *See* ***Hanlon v. Town of Milton***, 2000 WI 61, 235 Wis. 2d 597, ¶27, 612 N.W.2d 44 (2000) (concluding that a prior certiorari action did not operate to bar the plaintiff from filing a subsequent suit for monetary damages).

¶18 In its response brief, Tillman appears to take the position that the Saviches could have brought their claims for money damages as part of their prior certiorari action. According to Tillman, the ***Hanlon*** decision is inapposite because

it addresses a narrower issue that is inapplicable here and does not stand for the broader proposition that monetary damages are always unavailable in certiorari actions.[7]

¶19     We reject Tillman's argument because it is inconsistent with the position that Tillman persuaded us to adopt in the appeal that led to *Savich I*. *See Coconate v. Schwanz*, 165 Wis. 2d 226, 231, 477 N.W.2d 74 (Ct. App. 1991) (the doctrine of judicial estoppel precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position).   There, Tillman argued that monetary damages were not a remedy available by certiorari, and we adopted Tillman's position on that issue.  We stated:

> Savich points to no legal authority supporting the claim for monetary damages on certiorari review, and the law is to the contrary.  A circuit court's authority to grant relief on certiorari review is limited to affirming, reversing, or remanding the agency's decision. *State ex rel. Lomax v. Leik*, 154 Wis. 2d 735, 741, 454 N.W.2d 18 (Ct. App. 1990).  In view of these limitations on the court's authority to grant relief on certiorari review, it follows that courts may not award monetary damages on certiorari review. *See Coleman v. Percy*, 86 Wis. 2d 336, 341, 272 N.W.2d 118 (Ct. App. 1978) ("Damages may not be awarded on certiorari.").  Further, after Tillman argues that Savich cites no legal authority that would entitle him, as the losing party, to monetary damages if the court affirms the issuance of the permit, Savich does not address this argument in his reply brief, which we deem as a concession that it is correct. *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578

---

[7] More specifically, Tillman argues that the *Hanlon* decision addressed whether a litigant should have brought their 42 U.S.C. § 1983 claim for monetary damages as part of the litigant's prior WIS. STAT. § 68.13 certiorari proceeding.  Tillman points out that this case is different because the Saviches' claims arise under the common law and not under 42 U.S.C. § 1983, and because the Saviches' prior certiorari action was filed under WIS. STAT. § 59.694(10) (2021-22) and not § 68.13.

> (appellant's failure to respond in reply brief to an argument
> made in response brief may be taken as a concession).

*Savich I*, No. 2022AP1348, ¶33.

¶20     For these reasons, we conclude that the circuit court erred in dismissing the Saviches' complaint on the ground of claim preclusion.[8]

## II. Issue Preclusion

¶21     As an alternative to claim preclusion, Tillman argues that the circuit court's order dismissing the Saviches' complaint can be affirmed on the grounds of issue preclusion. Tillman points to the fact that, like the complaint in this case, the Saviches' prior complaint that resulted in the certiorari action alleged that Tillman made false statements as part of its application for the cell tower.

¶22     "Our analysis of an issue preclusion question proceeds in two steps." *Dostal*, 405 Wis. 2d 572, ¶23. First, "[w]e determine … whether issue preclusion can, as a matter of law, be applied." *Id.* As part of the first step, "we must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Id.*, ¶24. If the answer is yes, we then determine "whether the application of issue preclusion would be fundamentally fair." *Id.*, ¶23.

---

[8] The parties also dispute whether the elements of claim preclusion are satisfied, and Bieniek adds the argument that, although he was not a party to the certiorari action, he is nonetheless entitled to the benefit of claim preclusion because he is being sued as Tillman's agent. We need not address these arguments because our conclusion about judicial estoppel is dispositive. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶23    The Saviches argue that Tillman's issue preclusion argument fails at both steps.  Because the Saviches could not seek monetary damages as part of their certiorari action, *see* ***Savich I***, No. 2022AP1348, ¶33, we agree with the Saviches that the first step in the issue preclusion analysis is not satisfied.  Specifically, as a result of our decision in ***Savich I***, the Saviches did not actually litigate any aspect of their claims for monetary damages.  Because Tillman's issue preclusion argument fails at this first step, we need not consider the second step. *See* ***Dostal***, 405 Wis. 2d 572, ¶23.

### III.  Failure to State a Claim

¶24    As an alternative to affirming the decision based on claim preclusion or issue preclusion, Tillman argues that the circuit court's order dismissing the Saviches' complaint can be affirmed because the Saviches have failed to state a claim on which relief can be granted.

¶25    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." ***Id.***  "[L]egal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss." ***Id.***  Instead, "[p]laintiffs must allege facts that, if true, plausibly suggest a violation of applicable law." ***Id.***, ¶21.

### A.  Fraud

¶26    Count I of the complaint seeks monetary damages for Tillman's allegedly fraudulent conduct of making false statements in affidavits relating to its

permit application. For reasons we now explain, we conclude that the complaint does not state a fraud claim against any of the defendants.

¶27 As a threshold matter, Bieniek argues that the complaint does not contain any allegations that he personally engaged in any fraudulent conduct. In their reply brief on appeal, the Saviches argue that "Bieniek was the agent for Tillman Infrastructure" and that "Bieniek fraudulently represented the site for Tillman Infrastructure." Because we are reviewing a motion to dismiss, we give the Saviches the benefit of reasonable inferences that can be drawn from the allegations. *See **Data Key Partners***, 356 Wis. 2d 665, ¶19 (at the pleading stage, courts "accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom"). Accordingly, we conclude that the Saviches' allegations regarding Tillman's false statements also allege fraud by Bieniek. For this reason, we reject Bieniek's threshold argument that the complaint fails to state a claim for fraud against him personally.

¶28 Tillman argues that the fraud claim should be dismissed because the complaint fails to allege the necessary elements. A claim for fraud has five elements:

> 1) The defendant must have made a representation of fact to the plaintiff; 2) the representation of fact must be false; … 3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage[;] … 4) the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and 5) the defendant must have made the misrepresentation with intent to deceive and to induce the plaintiff to act on it to his detriment or damage.

***Tietsworth v. Harley-Davidson, Inc.***, 2004 WI 32, ¶13, 270 Wis. 2d 146, 677 N.W.2d 233 (citations omitted). Tillman argues that the allegations in the

11

Saviches' complaint do not satisfy the first and third elements, and we focus our analysis on the third element because it is dispositive.

¶29    Regarding the third element, Tillman argues that the Saviches' complaint does not allege that the Saviches "believed and relied on the [alleged] misrepresentation to [their] detriment or damage." *See **Tietsworth***, 270 Wis. 2d 146, ¶13.  Indeed, as Tillman points out, the complaint alleges that the Saviches *were* aware of the allegedly false statements and even attempted to inform the department "that the applicant's … affidavit contained false statements."  Tillman contends that the Saviches' allegation that they attempted to correct the alleged falsity is at odds with any possibility that the Saviches believed and relied on the allegedly false statements.

¶30    There is nothing in the Saviches' opening brief that specifically addresses this third element of a fraud claim.  Moreover, the Saviches' reply brief appears to concede that Tillman's argument is correct, because the section entitled "fraud, misrepresentation, and negligence allegations" does not address any fraudulent misrepresentation and addresses only whether the Saviches' complaint states a claim for negligence.[9]  *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (An appellant's failure to respond in a reply brief to an argument made in a response brief may be taken as a

---

[9] As we explain below, the Saviches did not identify negligence as one of the causes of action in their complaint, but they have attempted to recast the fraud claim as one based on common law negligence.  We address the Saviches' arguments about negligence below.

12

concession.)  We therefore conclude that the Saviches have failed to state a claim for fraud.[10]

## B.  Anticipated Private Nuisance

¶31    Count II seeks monetary damages for an anticipated private nuisance.  "[A] claim for anticipated private nuisance must include factual allegations that, if true, would support each of the following conclusions: [(1)] the defendant's proposed conduct will 'necessarily' or 'certainly' create a nuisance; and [(2)] the resulting nuisance will cause the claimant harm that is 'inevitable and undoubted.'"  *Krueger v. AllEnergy Hixton, LLC*, 2018 WI App 60, ¶29, 384 Wis. 2d 127, 918 N.W.2d 458 (citation omitted).

¶32    The respondents make various arguments about why the complaint fails to state a claim for anticipated private nuisance.  We need not address all of these arguments because one of the arguments advanced by Bieniek is dispositive. Bieniek argues that the sole remedy for an anticipated private nuisance is equitable and therefore the claim is inconsistent with the Saviches' complaint for monetary damages.  For reasons we now explain, we agree that a claim for anticipated private nuisance cannot be a basis for awarding monetary damages, which the Saviches have stated is the only remedy that they seek in this action.[11]

---

[10] Tillman also argues that the Saviches have not stated their fraud claim with particularity as required by WIS. STAT. § 802.03(2); that the Saviches have failed to allege a legally cognizable injury; and that the fraud claims were already litigated in the certiorari action. We need not separately address these arguments because our conclusion about the third element of a fraud claim is dispositive.  *See* **Barrows**, 352 Wis. 2d 436, ¶9.

[11] Tillman also argues that the allegations in the complaint do not establish that the Saviches will ever experience a nuisance, much less one that will "necessarily" or "certainly" occur; and that any claim that the flashing lights that will sit atop the tower can be a nuisance is

(continued)

¶33   The parties base their arguments on ***Krueger***, in which we determined that Wisconsin recognizes a cause of action for an anticipated private nuisance. *See **id.***, ¶¶13-14.  In ***Krueger***, a group of local landowners sought a permanent injunction preventing the defendant from constructing a mine. *See **id.***, ¶1.  The complaint alleged anticipated private nuisance. *See **id.***, ¶2.  Although we ultimately concluded that the landowners failed to state a claim on which relief could be granted, *see **id.***, we rejected the defendant's arguments that Wisconsin does not recognize this cause of action. *See **id.***, ¶¶13-14.

¶34   In concluding that anticipated private nuisance is a viable cause of action, the ***Krueger*** majority relied on two decisions in which our supreme court "recognize[d] that courts have equitable authority to enjoin an anticipated private nuisance." *See **id.***, ¶14 (citing ***Rogers v. John Week Lumber Co.***, 117 Wis. 5, 93 N.W. 821 (1903); ***Wergin v. Voss***, 179 Wis. 603, 192 N.W. 51 (1923)).  As with the complaint in ***Krueger***, the complaints in both ***Rogers*** and ***Wergin*** asked the courts to exercise their equitable powers to enjoin the defendants' planned operations due to their alleged effects on neighboring properties. *See **Rogers***, 117 Wis. at 9-10 (plaintiff sought to enjoin a mill that would operate near the plaintiff's dwelling and would "necessarily create a great amount of steam, dust, dirt, smoke, and noise"); ***Wergin***, 179 Wis. at 606-07 (neighboring property owners sought to restrain the defendant from building a veterinary hospital).

---

preempted by federal law.  Bieniek also argues that he is not personally involved in the operation of the tower and therefore is not a proper defendant for this particular claim.  We need not separately address these arguments because our conclusion about the unavailability of monetary damages is dispositive. *See **Barrows***, 352 Wis. 2d 436, ¶9.

¶35    In *Wergin*, our supreme court explained that "[t]he general rule is that an injunction will only be granted to restrain an actual existing nuisance." *See Wergin*, 179 Wis. at 606. Nonetheless, the court recognized a limited exception to this general rule "where it can be plainly seen that acts which, when completed, will certainly constitute or result in a grievous nuisance, or where a party threatens, or begins to do, or insists upon his right to do certain acts." *See id.* In such a case, "the court will interfere, though no nuisance may have been actually committed, if the circumstances of the case enable the court to form an opinion as to the illegality of the acts complained of, and the irreparable injury which will ensue." *Id.* (citation omitted). In other words, *Wergin* authorizes a circuit court to grant the equitable remedy of an injunction prior to an actionable nuisance. *Wergin* does not, however, authorize a court to award monetary damages for a nuisance that has not yet become actionable.

¶36    Our decision in *Krueger* is similarly narrow, relying on *Wergin* to conclude that the doctrine of anticipated private nuisance permits a circuit court to exercise its equitable powers to enjoin a defendant's activities in specified circumstances, even when the conditions giving rise to the nuisance have not yet occurred. *Krueger*, 384 Wis. 2d 127, ¶¶14, 29.

¶37    The Saviches' complaint seeks monetary damages and, in their reply brief on appeal, the Saviches confirm that they are seeking monetary damages only and do not seek injunctive relief. Yet there is nothing in the above-cited cases that authorizes a circuit court to award monetary damages as a remedy for an anticipated private nuisance. And the Saviches fail to advance any other argument to suggest that anticipated private nuisance is a viable cause of action for a plaintiff who exclusively seeks monetary damages.

15

¶38    The Saviches quote ***Hertz Corp. v. Red Rooster Cheese Co.***, 55 Wis. 2d 701, 706, 200 N.W.2d 603 (1972), for the proposition that a complaint's prayer for relief is "no substantive part of [the] complaint," and that a circuit court should not dismiss a complaint for failure to state a claim on the ground that the complaint asks for "more relief" than the remedy to which the plaintiff is legally entitled.  *See **id.*** ("The mere demand for an amount in damages which is excessive does not render the complaint subject to demurrer."); *see also **Schmitt v. Osborne***, 80 Wis. 2d 19, 22, 257 N.W.2d 844 (1977) (concluding that plaintiff's claim for equitable relief  should not have been dismissed on the ground that the plaintiff was seeking monetary damages because, under the then-applicable statute, "plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress").

¶39    The problem for the Saviches is not that they are seeking *more* relief than a claim for anticipated private nuisance entitles them.  Instead, the problem is that the Saviches have expressly disavowed the *only* relief that such a claim would entitle them to—namely, an injunction preventing the tower from being constructed.  Accordingly, we conclude that the anticipated private nuisance claim was properly dismissed.

## C.  Civil Conspiracy

¶40    Count III seeks damages for an alleged civil conspiracy to deny the Saviches their right to appeal the board of adjustment's decision to affirm the permit to build the cell tower.  Specifically, the Saviches allege that Tillman conspired with the Columbia County zoning administrator "to establish a sham start date" for their 30-day time period to file a certiorari action.  Relying on a

letter from the zoning administrator that was dated April 28 but not mailed until May 21 or 24, Tillman moved to dismiss the Saviches' complaint in Case No. 2021CV162 as untimely. As noted above, the circuit court granted Tillman's motion to dismiss, but, on appeal, we reversed the dismissal as to Buddy Savich.

¶41 To state a claim for civil conspiracy, the Saviches must establish: "(1) the formation and operation of a conspiracy; (2) a wrongful act or acts done pursuant to the conspiracy; and (3) damage resulting from the act or acts." *North Highland, Inc. v. Jefferson Machine & Tool, Inc.*, 2017 WI 75, ¶25, 377 Wis. 2d 496, 898 N.W.2d 741.

¶42 In an attempt to identify a wrongful act done pursuant to the conspiracy, the complaint alleges that, as part of the motion to dismiss the Saviches' certiorari action, Tillman's attorneys worked with the zoning administrator to create and file an affidavit in support of that motion. Tillman argues that these allegations fail to establish any wrongful act because "[t]he filing of a motion to dismiss, and the coordination between two co-defendants … to produce evidence … in support of that motion[] is standard lawful fare." We agree with Tillman that, without more, these allegations about their litigation conduct do not plausibly suggest a violation of law. *See Data Key Partners*, 356 Wis. 2d 665, ¶21 ("Plaintiffs must allege facts that, if true, plausibly suggest a violation of applicable law.").

¶43 Further, Tillman also argues that, even if this allegation of a wrongful act were sufficient under *Data Key Partners*, Buddy Savich "successfully countered" the motion to dismiss when his certiorari action was reinstated on appeal. *See Onderdonk v. Lamb*, 79 Wis. 2d 241, 248, 255 N.W.2d 507 (1977) (concluding that the plaintiff had failed to state a claim for conspiracy

because, among other things, the complaint "fails to state that the purposes of the conspiracy were in fact accomplished so as to result in damage to the plaintiff"). Due to Buddy Savich's successful appeal of the circuit court's decision to grant the motion to dismiss, Tillman argues that the Saviches cannot demonstrate that the purpose of the alleged conspiracy was in fact accomplished.

¶44     The Saviches argue that, even though the conspiracy did not achieve its intended purpose, they incurred damages because they had to pay an appellate filing fee.  Tillman argues that the Saviches have not cited any authority for the proposition that appellate costs can be awarded as monetary damages for a civil conspiracy that ultimately failed to achieve its purpose.  Tillman further contends that, if the Saviches believed that there was improper conduct during the prior certiorari action, they could have sought litigation sanctions as part of that earlier action.

¶45     The Saviches do not address these arguments in their reply brief, which we take as a concession.  *See United Coop.*, 304 Wis. 2d 750, ¶39.  Instead, the Saviches quote our prior opinion that characterized one of Tillman's arguments as "beside the point," "absurd," and "unavailing."  *See Savich I*, No. 2022AP1348, ¶29.  These quotes from our prior decision reinforce Tillman's argument that the appropriate remedy for the Saviches would have been to seek litigation sanctions in the prior action, not to relitigate these issues in a new civil action.

¶46     The Saviches also argue that, because Janel was not identified as a respondent in the appeal that led to the *Savich I* decision, Tillman "successfully denied Janel her right to appeal."  Tillman contends that Janel's failure to successfully appeal the dismissal "was entirely her own fault."  The Saviches do

not address this argument in their reply, so we deem them to have conceded this issue. *See United Coop.*, 304 Wis. 2d 750, ¶39.

¶47    For these reasons, we conclude that the complaint fails to state a claim for civil conspiracy.

## D.  Harassment

¶48    Count IV asserts a claim for harassment based on Tillman's alleged use of "intimidation and threats to stop [the Saviches] from asserting their legal rights, with threats and/or motions [for] sanctions and attorney fees."  The only allegation we see in the complaint that relates to this harassment claim is that "Tillman on several occasions threatened or made motions against [the Saviches] for sanctions and attorneys' fees, including at the March 1, 2022 motion hearing."

¶49    With respect to this allegation about sanctions motions, Tillman contends that this merely involved Tillman's "statutorily authorized effort to stop the Saviches' harassing litigation conduct."  *See* WIS. STAT. § 802.05(2)(a), (3) (authorizing a motion for sanctions and attorney fees where a complaint is brought for an "improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").  We agree with Tillman that the mere allegation that Tillman moved for litigation sanctions against the Saviches, or threatened to do so, does not plausibly suggest a violation of law.  *See Data Key Partners*, 356 Wis. 2d 665, ¶21 ("Plaintiffs must allege facts that, if true, plausibly suggest a violation of applicable law.").[12]

_____

[12] In their opening brief on appeal, the Saviches also assert that "Tillman personally insulted Janel after her testimony" at the board of adjustment hearing.  The Saviches do not identify the content of the purported insult, nor did they include any allegations about this insult

(continued)

19

## E. Negligence

¶50    Although we have concluded that the complaint fails to state a claim with respect to the four causes of action that were identified in the complaint, the Saviches argue that the complaint's factual allegations state a claim for negligence. Specifically, they contend that the allegations about Tillman's allegedly fraudulent statements show that the defendants knew that their actions with respect to the permit application would cause harm to the Saviches, but they did not care.

¶51    Tillman objects to the Saviches' attempt to "smuggle in" an additional cause of action through their briefing as "procedurally improper." *See Broome v. DOC*, 2010 WI App 176, ¶12, 330 Wis. 2d 792, 794 N.W.2d 505. However, the cited paragraph from *Broome* addresses whether additional *facts* included in the plaintiff's summary judgment submission could cure a pleading deficiency. Here, the Saviches argue that they have stated a claim for negligence based solely on the facts alleged in the complaint. *Val-Lo-Will Farms v. Irv Azoff & Assocs., Inc.*, 71 Wis. 2d 642, 644, 238 N.W.2d 738 (1976) ("A plaintiff is bound by the facts he alleges, not by his theory of recovery."). Tillman does not explain how *Broome* relates to the Saviches' arguments that the facts in their complaint are sufficient to state a claim for negligence. Therefore, we reject that argument as undeveloped.

---

in their complaint. We do not consider this asserted incident further. *See Hubbard v. Neuman*, 2025 WI 15, ¶34, 416 Wis. 2d 170, 20 N.W.3d 720 (Ziegler, J., dissenting) ("While a complaint is construed liberally so 'as to do substantial justice[,]' WIS. STAT. § 802.02(6), the court cannot add facts not contained in the complaint to help it survive a motion to dismiss.").

¶52    Tillman further argues that the negligence claim lacks a factual and legal foundation.  There are four necessary elements for a negligence claim: "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injuries; and (4) actual loss or damage as a result of the injury."  *See Edwardson v. American Fam. Mut. Ins. Co.*, 223 Wis. 2d 754, 765-66, 589 N.W.2d 436 (Ct. App. 1998).

¶53    Here, Tillman contends that the facts set forth do not establish a breach of any applicable duty.  Instead, the Saviches appear to be arguing that Tillman has breached the duty of ordinary care merely by applying for a lawful permit which, if granted, could reduce the value of the Saviches' property.  However, the Saviches have not identified any case law in Wisconsin that has determined that there could be a breach of the duty of ordinary care under circumstances that in any way resemble those alleged here.  For these reasons, the Saviches have not persuaded us that their complaint can be reasonably construed to state a claim for negligence.

## IV.  Dismissal with Prejudice

¶54    Before concluding, we consider the Saviches' argument that the circuit court erred when it dismissed the complaint with prejudice.  When a complaint fails to state a claim, the dismissal may be without prejudice when "it may be possible that errors in the original complaint can be remedied and a potential, appropriate cause of action can be alleged in a new complaint."  *See Enz v. Duke Energy Renewable Servs.*, 2023 WI App 24, ¶25, 407 Wis. 2d 728, 991 N.W.2d 423.

¶55    In their opening brief on appeal, the Saviches argue that they should be allowed to file a new complaint for nuisance within six years of the completion

21

of the cell tower. We make no comment on the Saviches' litigation plans other than to observe that the circuit court's order of dismissal with prejudice, standing alone, would not necessarily preclude the Saviches from filing a new complaint based on subsequent occurrences. *See **Juneau Square Corp. v. First Wis. Nat'l Bank of Milw.**,* 122 Wis. 2d 673, 687, 364 N.W.2d 164 (Ct. App. 1985) ("Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first." (citation omitted)).

¶56 The Saviches further argue that their negligence claim should not be dismissed with prejudice because "[a]ny defects in the pleading can be cured by a subsequent complaint." However, the Saviches do not develop any argument that "a potential, appropriate cause of action can be alleged" if they were allowed to again amend their complaint, and the record amply supports the court's decision to dismiss with prejudice. *See **Enz**,* 407 Wis. 2d 728, ¶25 (describing circumstances when a dismissal for failure to state a claim should be without prejudice).

¶57 In their reply brief, the Saviches add a new argument that they should be permitted to amend their complaint "to reflect new facts, now that the tower is well under construction." This argument is both untimely and unpersuasive, given that it relies on hypothetical facts that would postdate the circuit court decision that we review.

## CONCLUSION

¶58 For the foregoing reasons, we conclude that the circuit court erred in dismissing the Saviches' complaint based on claim preclusion, but that it was appropriate to dismiss the complaint for failure to state a claim on which relief can

be granted. We therefore affirm the order dismissing the Saviches' complaint with prejudice as well as the order denying the Saviches' motion for reconsideration.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.